FILED
TARRANT COUNTY
4/26/2017 2:24:28 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO.** <u>236-291751-17</u>

| | | |
|---|---|---|
| YOLANDA GRIFFIN; | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| MICHAEL PIERSON; AND THE J.M. | § | |
| SMUCKER COMPANY; | § | |
| | § | |
| | § | |
| **Defendants.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUEST TO <u>DEFENDANTS</u>

Plaintiff Yolanda Griffin files Plaintiff's Original Petition complaining of Defendants Michael Pierson and The J.M. Smucker Company.

## I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### III.  PARTIES

Plaintiff Yolanda Griffin is an individual resident of Grapevine, Tarrant County, Texas. Her driver's license number is *****941 and her social security number is ***-**-*478.

Defendant Michael Pierson is an individual resident of Franklin, Williamson County, Texas and may be served with process at 248 Poteat Place, Franklin, TN 37064.

Defendant The J.M. Smucker Company is a corporation doing business in Cleveland, Cuyahoga County, OH and may be served with process by serving its registered agent C T Corporation System at 1300 E. 9th Street, Cleveland, OH 44114.

### IV.  JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Tarrant County, Texas. Venue therefore is proper in Tarrant County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

### V.  FACTS

This lawsuit arises out of a motor vehicle collision that occurred on Saturday, October 31, 2015 at or near the intersection of the 300 block N. Kimball Avenue and the 2200 block of E. Nothwest Parkway within the city limits of Southlake, Tarrant County, Texas.  Plaintiff Yolanda Griffin was a passenger in

a vehicle traveling southbound on the 300 block of Kimball Avenue.  Defendant

Michael Pierson was operating a commercial vehicle, owned by Defendant The

J. M. Smucker Company, behind Plaintiff's vehicle in the same lane and headed

in the same direction.  Defendant Michael Pierson failed to slow and/or stop,

colliding hard with the back of Plaintiff's vehicle.  As a result of the collision,

Plaintiff was injured and continues to suffer injuries and damages from this

incident.

## VI.  CAUSES OF ACTION

## A.   NEGLIGENCE – DEFENDANT MICHAEL PIERSON

At the time of the motor vehicle collision, Defendant Michael Pierson was

operating his commercial vehicle negligently. Specifically, Defendant had a duty

to exercise ordinary care and operate his commercial vehicle reasonably and

prudently.  Defendant breached that duty in one or more of the following

respects:

1.   Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2.   Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

3.   Defendant failed to timely apply the brakes of his commercial vehicle in order to avoid the collision in question;

4.   Defendant failed to control his speed;

5.   Defendant failed to safely operate his commercial vehicle.

**B.     NEGLIGENT ENTRUSTMENT – DEFENDANT THE J.M. SMUCKER COMPANY**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant The J.M. Smucker Company was the owner of the vehicle driven by Defendant Michael Pierson.  Defendant The J.M. Smucker Company entrusted the vehicle to Defendant Michael Pierson. Defendant Michael Pierson was unlicensed, incompetent, and/or reckless and Defendant The J.M. Smucker Company knew or should have known that Defendant Michael Pierson was unlicensed, incompetent, and/or reckless. Defendant Michael Pierson's negligence on the occasion in question proximately caused the collision.

**C.     RESPONDEAT SUPERIOR – DEFENDANT THE J.M. SMUCKER COMPANY**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Michael Pierson was in the course and scope of his employment with Defendant The J.M. Smucker Company thereby making Defendant The J.M. Smucker Company liable under the doctrine of *Respondeat Superior*.

**D.     NEGLIGENCE – DEFENDANT THE J.M. SMUCKER COMPANY**

Defendant The J.M. Smucker Company failed to properly train and/or supervise Defendant Michael Pierson in order to prevent collisions such as the one in question.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII.  DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use of Plaintiff's vehicle;

d.      Physical impairment in the past and future;

e.      Physical pain and suffering in the past and future; and

f.      Mental anguish in the past and future.

## VIII.  REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## IX.  DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves to Defendants Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants.

## X.  INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## XI.  JURY TRIAL AND OBJECTION TO E-JURY

Plaintiff demands a trial by jury and includes the appropriate jury fees. Plaintiff objects to an electronic jury pool in this case.  A jury pool assembled solely based upon electronic responses does not accurately represent the Tarrant County community as a whole.

## XII.  U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XIII.  RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

1.    Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.    Plaintiff's future medical expenses;

3.    Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.    Plaintiff's property damage and loss of use of Plaintiff's vehicle;

5.    Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

6.     Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

7.     Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

8.     Interest on the judgment at the legal rate from the date of judgment;

9.     Pre-judgment interest on Plaintiff's damages as allowed by law;

10.    All costs of court; and

11.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**


BY: /s/ *Victor Rodriguez*
   **VICTOR RODRIGUEZ**
   State Bar No. 24063577
   victor.rodriguez@ewlawyers.com
   **AMY K. WITHERITE**
   State Bar No. 00788698
   amy.witherite@ewlawyers.com
   500 E 4th Street, Suite 200
   Fort Worth, TX  76102
   817/263-4466
   817/263-4477 (fax)

   **ATTORNEYS FOR PLAINTIFF**

236-291751-17

**CAUSE NO. _____**

| | | |
|---|---|---|
| **YOLANDA GRIFFIN;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **MICHAEL PIERSON; AND THE J.M.** | § | |
| **SMUCKER COMPANY;** | § | |
| | § | |
| | § | |
| **Defendants.** | § | **_____JUDICIAL DISTRICT** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR
ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR
<u>PRIVILEGE LOG TO DEFENDANT MICHAEL PIERSON</u>**

TO:     Defendant, Michael Pierson.

Plaintiff Yolanda Griffin propounds Plaintiff's First Set of Interrogatories,

First Request for Admissions, First Request for Production, and Request for

Privilege Log to Defendant Michael Pierson pursuant to the Texas Rules of Civil

Procedure to be answered by Defendant within fifty (50) days of the date of

service.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY: _____

**VICTOR RODRIGUEZ**
State Bar No. 24063577
victor.rodriguez@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
amy.witherite@ewlawyers.com
500 E 4th Street, Suite 200
Fort Worth, TX  76102
817/263-4466
817/263-4477 (fax)

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been

served to the Defendant Michael Pierson along with Plaintiff's Original Petition

and Request for Disclosure.

_____

**Victor Rodriguez**

## INTERROGATORIES

Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded to Defendants.  These questions are being served upon you, the Defendant, Michael Pierson and you are notified that Plaintiff specifies that the answers shall be served fifty (50) days after service of this request.  These interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1.    The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's  counsel within fifty (50) days after service hereof.  The answers shall be preceded by the question or interrogatory to which the answer pertains.

2.    These Interrogatories seek answers current to the date of response. Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3.    If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., substance of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the extent, if any, to which the information will be provided subject to the privilege/exemption.

## DEFINITIONS

1.    "You," and "Your," and "Defendant" mean Defendant, Michael Pierson, as captioned in Plaintiff's Original Petition, and all other person or entities acting on your behalf and all employees who work on your behalf in the course and scope of your employment and in furtherance of your business.  "You" also includes any agent that acts on your behalf.

2.    "Lawsuit" and "case" refer to this lawsuit filed in the District Court of Tarrant County, Texas.

3.    "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

4.    The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

5.    "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence.  If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents

which are necessary to convert such information into a useful and usable format.  If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

6.   "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

7.   "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document.  Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document.  In lieu of providing such information and detail, you may attach such document to your answer to these Interrogatories and indicate for which Interrogatory each document is applicable.

8.   **"**Plaintiff" means the Plaintiff captioned and identified in Plaintiff's Original Petition filed in this matter.

9.   "Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

10.   "Ordinary Care" means that degree of care, which would be used by a person of ordinary prudence under the same or similar circumstance.

11.   "Proximate Cause" means a cause that was substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

12.   The "collision," "collision in question," or "incident in question" refers to the vehicle collision on Saturday, October 31, 2015, at or near the intersection of the 300 block N. Kimball Avenue and the 2200 block of E. Nothwest Parkway within the city limits of Southlake, Tarrant County, Texas.

## INTERROGATORIES

**INTERROGATORY NO. 1:**        Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

**ANSWER:**

**INTERROGATORY NO. 1:**        Do you contend that the Plaintiff was in any way negligent or responsible for the incident in question?  If so, state in detail the factual basis for such contention.

**ANSWER:**

**INTERROGATORY NO. 2:**        State where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

**ANSWER:**

**INTERROGATORY NO. 3:**        State the speed of your vehicle at all times material to the collision in question, including specifically your speed at the time of impact, and if your brakes were on at the time of impact, please state your speed before applying your brakes.

**ANSWER:**

**INTERROGATORY NO. 4:**        State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the 24-hour period immediately preceding the collision.

**ANSWER:**

**INTERROGATORY NO. 5:**        Identify by name, date of birth, address and phone number of the owner of the vehicle that you were operating at the time of the collision and state your relationship with the owner.

**ANSWER:**

**INTERROGATORY NO. 6:**        Describe in detail what damage, if any, was done to your vehicle in the collision, and give the cost of repair to your vehicle.

**ANSWER:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT MICHAEL PIERSON – Page 6**

**INTERROGATORY NO. 7:**        Please provide the name of the service provider and the phone number for any and all cell phone(s) in the vehicle with you at the time of the collision in question.

**ANSWER:**

**INTERROGATORY NO. 8:**        State whether or not you were acting within the course and scope of any agency, employment, or service at the time of the collision and for whom you were working and your job description.

**ANSWER:**

**INTERROGATORY NO. 9:**        Describe any information you have indicating any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

**ANSWER:**

**INTERROGATORY NO. 10:**        Describe any conversations with any witness to the collision in question with whom you have spoken.

**ANSWER:**

**INTERROGATORY NO. 11:**        If you have had conversations with the Plaintiff regarding the subject matter of this lawsuit, whether oral or written, please provide the following information:

        (a)    the approximate date of the conversation(s);
        (a)    the subject matter of the conversation(s);
        (b)    the person(s) present during the conversation(s); and
        (c)    a brief overview of what was said, by whom, and where.

**ANSWER:**

**INTERROGATORY NO. 12:**        List all motor vehicle collisions you have been involved in during the past five (5) years including, the location of the collisions, whether you were the driver of one of the vehicles involved, the type of vehicle you were driving and if litigation resulted from any of the incidents.

**ANSWER:**

**INTERROGATORY NO. 13:**        If you, or any agent or entity working on your behalf, has contacted any of Plaintiff's subrogors, lien holders, medical providers,

or any billing administrator or bill collection service working on behalf of any of Plaintiff's medical providers for any reason, state:

(a)    The name of each subrogor, lien holder, medical provider, billing administrator and/or bill collection service contacted;

(a)    The date(s) that such contact was made;

(b)    The form of each such contact (i.e. written or telephonically);

(c)    The name, address, phone number and employer name of the person who made each such contact;

(d)    The reason for each such contact;

(e)    Whether any such contact was recorded, and if so, the form of the recording;

(f)    Whether any such contact was subsequently confirmed in writing;

(g)    Whether any notes exist of any such contact;

(h)    Whether there is any written authorization by Plaintiff to make such contact;

(i)    Whether any payment was made to any subrogor, lien holder, medical provider, billing administrator or bill collection service; and

(j)    Whether Plaintiff or Eberstein & Witherite LLP was listed as joint payee on any payment made to any subrogor, lien holder, medical provider, billing administrator or bill collection service.

## ANSWER:

**INTERROGATORY NO. 14:**    Other than this current lawsuit, have you ever been a party to a lawsuit which involved a vehicular collision? If so, please provide the following information:

(a)    the complete style and cause number of the collision;

(a)    the court, county and state where the action was filed;

(b)    a short synopsis of the factual background of the case;

(c)    the name, address and telephone number of Plaintiff attorney in the action; and

## ANSWER:

**INTERROGATORY NO. 15:**    Please state your full name, any other names you have gone by during your lifetime, your date of birth, Social Security number, present residence address and present employment.

## ANSWER:

**INTERROGATORY NO. 16:**    Have you ever been convicted of a felony or a crime of moral turpitude?  If so, please provide the following information:

     (a)    the crime upon which you were convicted;

     (a)    the court, county, and cause number concerning the underlying conviction;

     (b)    whether you testified at trial; and

     (c)    the date of the felony conviction.

**ANSWER:**

**INTERROGATORY NO. 17:**     Describe any traffic citation you received as a result of this collision by stating the name and location of the Court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

**ANSWER:**

**INTERROGATORY NO. 18:**     If it is your position that you were not negligent, please provide each and every fact that supports your answer, identify all witnesses who you believe will corroborate your position, and identify all documents that support your position.

**ANSWER:**

**INTERROGATORY NO. 19:**     If it is your contention that you are not liable to Plaintiff for her damages, please explain in your own words each and every fact that supports your contention.  Also provide the names, addresses, and phone numbers of each and every person who can corroborate your position. Plaintiff also requests that you identify all documents that support your contention.

**ANSWER:**

**INTERROGATORY NO. 20:**     Identify by name, address, phone, and date of birth or driver's license number if applicable, all persons and entities, including but not limited to all potential Responsible Third Parties that may be liable to the Plaintiff for satisfying a judgment as the result of the incident which makes the basis of this cause.

**ANSWER:**

**INTERROGATORY NO. 21:**     If it is your position that a third party over whom you do not control is liable for some or all of the damages sustained by the Plaintiff, please identify the name of the party, their address, phone number, and please explain in detail each act or omission the third party committed which caused damage to the Plaintiff.

**ANSWER:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT MICHAEL PIERSON – Page 9**

**INTERROGATORY NO. 22:**      If it is your position that you are not the proper party to this cause, or if it is your position that some other corporation, entity, or person may be jointly responsible for the damages suffered by Plaintiff, whether in whole or in part, please describe in detail each and every basis for this position and identify all witnesses who you believe will corroborate this theory.

**ANSWER:**

**INTERROGATORY NO. 23:**      Describe in detail what injuries, if any, you received in the collision.

**ANSWER:**

## REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Request for Admissions to Defendant Michael Pierson. Defendant is requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE. The admissions requested are to be responded to fifty (50) days after service of this request. The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court.  If you fail to admit a matter upon which Plaintiff later has to prove at her expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served.

**ADMISSION NO. 1:**      Admit you have been properly named in Plaintiff's petition.

**ANSWER:**

**ADMISSION NO. 2:**      Admit you are a proper party.

**ANSWER:**

**ADMISSION NO. 3:**      Admit the Court has subject matter and personal jurisdiction over you.

**ANSWER:**

**ADMISSION NO. 4:**      Admit venue is proper in Tarrant County, Texas.

**ANSWER:**

**ADMISSION NO. 5:**      Admit you were properly served with process.

**ANSWER:**

**ADMISSION NO. 6:**      Admit you breached a duty to Plaintiff.

**ANSWER:**

**ADMISSION NO. 7:**          Admit all allegations in Plaintiff's petition are factually correct.

**ANSWER:**

**ADMISSION NO. 8:**          Admit you were negligent in the auto collision made the basis of this suit.

**ANSWER:**

**ADMISSION NO. 9:**          Admit a proximate cause of Plaintiff's damages was your negligence.

**ANSWER:**

**ADMISSION NO. 10:**          Admit the collision in question was your fault.

**ANSWER:**

**ADMISSION NO. 11:**          Admit your negligence was a proximate cause of Plaintiff's medical expenses.

**ANSWER:**

**ADMISSION NO. 12:**          Admit Plaintiff suffered physical pain and mental anguish as a result of your negligence.

**ANSWER:**

**ADMISSION NO. 13:**          Admit Plaintiff was not contributorily negligent.

**ANSWER:**

**ADMISSION NO. 14:**          Admit you were the driver of the vehicle that collided with Plaintiff's vehicle on Saturday, October 31, 2015.

**ANSWER:**

**ADMISSION NO. 15:**          Admit that you failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances.

**ANSWER:**

**ADMISSION NO. 16:**        Admit you failed to timely apply the brakes of your vehicle in order to avoid the collision in question.

**ANSWER:**

**ADMISSION NO. 17:**        Admit you failed to keep an assured safe distance from Plaintiff's vehicle.

**ANSWER:**

**ADMISSION NO. 18:**        Admit you failed to control your speed.

**ANSWER:**

**ADMISSION NO. 19:**        Admit that you failed to turn your vehicle in an effort to avoid the collision in question.

**ANSWER:**

**ADMISSION NO. 20:**        Admit that Plaintiff did nothing to cause or contribute to the collision in question.

**ANSWER:**

**ADMISSION NO. 21:**        Admit that you were not paying attention to traffic like you should have been.

**ANSWER:**

**ADMISSION NO. 22:**        Admit you gave  a recorded statement to your liability insurance carrier.

**ANSWER:**


## REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff

serves the following Requests for Production of Documents on Defendant Michael

Pierson.  Defendant is requested to respond fully, in writing, and in accordance with

TRCP 196.  The documents requested are to be produced to Plaintiff's counsel

within fifty (50) days after service of this request.  You are further advised that you

are under a duty to reasonably supplement your answer.

**NOTE:  For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request**.

**REQUEST NO. 1:**   Correspondence:  Please produce all correspondence between Plaintiff and you and/or your agents.

**RESPONSE:**

**REQUEST NO. 2:**   Photographs, slides, videotapes: All photographs, slides, videotapes and/or motion pictures which are in any way relevant to Plaintiff's causes of action and Defendant's defenses.

**RESPONSE:**

**REQUEST NO. 3:**   Correspondence/Emails/Letters Between Plaintiff and Defendant: Correspondence between you and/or your employees, agents, or servants regarding anything related to the incident in question, no matter how remote.  Also produce all correspondence between Defendant and Plaintiff. This request includes emails and handwritten notes.

**RESPONSE:**

**REQUEST NO. 4:**   Statements of Plaintiff: Written, taped or transcribed statements from the Plaintiff or any agent, servant, employee, or representative of any Plaintiff named herein, which concerns the subject matter of this lawsuit, or the incident in question.

**RESPONSE:**

**REQUEST NO. 5:**   Correspondence and/or Recorded Statements between you and Plaintiff or Plaintiff's agents.  Please produce all correspondence between you and Plaintiff as well as any recorded statements you have of Plaintiff.

**RESPONSE:**

**REQUEST NO. 6:**   Documents supporting contention you are not liable.  Including but not limited to all documents that support your contention that you are not responsible for the Plaintiff's damages.

**RESPONSE:**

**REQUEST NO. 7:**   Documents identified in Interrogatories.  Please produce all documents or other tangible things identified by you in the above interrogatories.

**RESPONSE:**

**REQUEST NO. 8:**   Evidence at trial.  All documents that you anticipate offering into evidence at the trial of this case.

**RESPONSE:**

**REQUEST NO. 9:**   Umbrella Insurance Policies.  Please produce copies of all umbrella policies of insurance coverage that cover you in this lawsuit.

**RESPONSE:**

**REQUEST NO. 10:**  Documents relied upon to answer Interrogatories.  Documents, photographs, videos, and tangible things you relied upon, if even in part, in answering the above interrogatories.

**RESPONSE:**

**REQUEST NO. 11:**  Footage of Plaintiff.  Please produce all raw footage, surveillance footage, videos, pictures, or drawings you have documenting the Plaintiff.

**RESPONSE:**

**REQUEST NO. 12:**  Investigative materials.  A true and correct copy of any and all investigation materials regarding the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 13:**  True and correct copies of any drawings, graphs, charts, photographs, electronic or videotaped recordings of Plaintiff, the scene of the incident made the basis of this suit, and any injuries or damages allegedly suffered or not by Plaintiff.

**RESPONSE:**

**REQUEST NO. 14:**  Driver's License - A copy of the Defendant's driver's license.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT MICHAEL PIERSON – Page 15**

**REQUEST NO. 15:** <u>Vehicle Title</u> - A copy of the title to the vehicle Defendant was driving at the time of the collision in question.

**RESPONSE:**

**REQUEST NO. 16:** <u>Damage Appraisals</u> - A copy of any damage appraisal made of the vehicle driven by Defendant.

**RESPONSE:**

**REQUEST NO. 17:** <u>Damage Appraisals</u> - A copy of any damage appraisal made of Plaintiff's vehicle.

**RESPONSE:**

**REQUEST NO. 18:** <u>Employment Contract</u> - A copy of any contract of employment that would govern your relationship with any other party in this case or has to do with the issue of scope of employment.

**RESPONSE:**

**REQUEST NO. 19:** <u>Driving Record</u> - A copy of your driving record for the last five years.

**RESPONSE:**

**REQUEST NO. 20:** <u>Cell Phone</u> Records - All cellular telephone invoices, bills or other billing materials, indicating calls made on the date of the incident in question, for any mobile device Defendant used on the date in question.

**RESPONSE:**

**REQUEST NO. 21:** <u>DWQ</u> - Copies of any and all depositions on written questions (with accompanying records) obtained in this litigation.

**RESPONSE:**

**REQUEST NO. 22:** <u>Accident Reports</u> - All accident reports prepared by you and/or any governmental agency regarding the incident in question.

**RESPONSE:**

**REQUEST NO. 23:** <u>Other Lawsuits</u> - Any and all documentation reflecting other lawsuits in which you have been involved in the past 10 years.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT MICHAEL PIERSON** – **Page 16**

**RESPONSE:**

**REQUEST NO. 24:** Please produce your consulting expert's entire file, including but not limited to, all correspondence, bills, memoranda, graphs, charts, work notes, written notes, calculations, estimations and any and all documents and/or other materials supplied to and/or received from any consulting expert. For purposes of this Request, a "consulting expert" is one whose work product forms the basis, either in whole or in part, of the opinions of an expert who may be called to testify in any trial of this cause.

**RESPONSE:**

**REQUEST NO. 25:** Any and all written documents describing any claims or lawsuits of Defendant other than the suit which is the basis of this claim or any other party to this suit.

**RESPONSE:**

**REQUEST NO. 26:** All documents, records, reports, notations, or memoranda regarding any Defendant from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau or Southwest Insurance Information Exchange and all similar persons or entities.

**RESPONSE:**

**REQUEST NO. 27:** A copy of all documents evidencing or relating to the physical property damage of the vehicles, involved in the collision, including all repair estimates, repair invoices and photographs.

**RESPONSE:**

**REQUEST NO. 28:** Please produce copies of any publication, study, guideline, document, manual, treatise, report, survey, textbook, pamphlet, or other literature which your expert, or any other individual which has been designated as a person with knowledge in response to Plaintiff's Request for Disclosure, has cited to and/or relied upon in providing and creating any opinions, reports, and conclusion in the present case. If said information is a section or portion of a more voluminous document, please provide copies of the relevant publication, study, guideline, document, manual, treatise, report, survey, or other literature.

**RESPONSE:**

**REQUEST NO. 29:** Any and all data downloaded or otherwise retrieved from an event data recorder from each of the vehicles involved in the collision, including,

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT MICHAEL PIERSON** – **Page 17**

without limitation, data retrieved from Airbag Control Modules, Sensing Diagnostic Modules, Rollover Sensors, Restraint Control Modules, Occupant Restraint Controllers - and all data retrieved through any crash data retrieval system.

**RESPONSE:**

**REQUEST NO. 30:** Produce any profiles, photographs, postings or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries) from any social networking or social media site (e.g. Facebook, Twitter, Myspace) from one year before the date of the Incident through the present, that reveal, refer or relate to the Defendants in any manner which you intend to use as evidence to impeach any of the witnesses identified in any parties answers to Interrogatories or responses to Request for Disclosure or which you intend to use as evidence to impeach Defendants or any of the representatives, agents or employees of Defendants.

**RESPONSE:**

## REQUEST FOR PRIVILEGE LOG TO BE ANSWERED
## <u>WITHIN 50 DAYS OF SERVICE</u>

<u>Privilege Log</u>:  If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered.  Specifically do the following:

(a)  Detail the privilege asserted;

(b)  Provide the title of the document(s) upon which the privilege is asserted;

(c)  Provide the general substance of the document(s) upon which you claim there is a privilege;

(d)  Identify the location and custodian of the document(s)

(e)  Give a brief description why, in your view, the privilege shields the document from discovery; and

(f)  Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

CAUSE NO. 236-291751-17 _____

| | | |
|---|---|---|
| **YOLANDA GRIFFIN;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **MICHAEL PIERSON; AND THE J.M.** | § | |
| **SMUCKER COMPANY;** | § | |
| | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT THE J.M. SMUCKER COMPANY

TO:     Defendant, The J.M. Smucker Company.

Plaintiff Yolanda Griffin propounds Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production, and Request for Privilege Log to Defendant The J.M. Smucker Company pursuant to the Texas Rules of Civil Procedure to be answered by Defendant within fifty (50) days of the date of service.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY: _____

**VICTOR RODRIGUEZ**
State Bar No. 24063577
victor.rodriguez@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
amy.witherite@ewlawyers.com
500 E 4th Street, Suite 200
Fort Worth, TX  76102
817/263-4466
817/263-4477 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been

served to the Defendant The J.M. Smucker Company along with Plaintiff's

Original Petition and Request for Disclosure.

_____
**Victor Rodriguez**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT THE J.M. SMUCKER COMPANY – Page 2**

## INTERROGATORIES

Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded to Defendants.  These questions are being served upon you, the Defendant, The J.M. Smucker Company and you are notified that Plaintiff specifies that the answers shall be served fifty (50) days after service of this request.  These interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1.      The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's  counsel within fifty (50) days after service hereof.  The answers shall be preceded by the question or interrogatory to which the answer pertains.

2.      These Interrogatories seek answers current to the date of response. Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3.      If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., substance of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the extent, if any, to which the information will be provided subject to the privilege/exemption.

## DEFINITIONS

1.      "You," and "Your," and "Defendant" mean Defendant, The J.M. Smucker Company, as captioned in Plaintiff's Original Petition, and all other person or entities acting on your behalf and all employees who work on your behalf in the course and scope of your employment and in furtherance of your business.  "You" also includes any agent that acts on your behalf.

2.     "Lawsuit" and "case" refer to this lawsuit filed in the District Court of
        Tarrant County, Texas.

3.     "Person" and "witness" means the plural as well as the singular and
        includes: natural persons, governmental agencies, municipalities,
        departments, units, or any subdivisions, corporations, firms, associations,
        partnerships, joint ventures, or any other form of business entity.

4.     The terms "and" and "or" as used herein are to be interpreted both
        disjunctively and conjunctively.

5.     "Document" and "documents" as used herein shall mean the original and
        each non-identical copy (whether different from the original because of
        marginal notes, or other material inserted therein, or attached thereto or
        otherwise) written or graphic matter, however produced or reproduced,
        whether sent or received, or neither, including drafts and both sides
        thereof, and including, but not limited to, printed, typewritten, emails and
        computer printed or written matter, and mechanical, magnetic and
        electronic recordings and shall include, without limitation, letters,
        telegrams, cablegrams, telex messages, TWX messages,
        correspondence, notations, work papers, transcripts, corporate books or
        minutes, reports, memoranda studies, summaries, agendas, bulletins,
        records of telephone or other conversations, or of interviews, conferences
        or other meetings, maps, charts, plans, specifications, diagrams,
        photographs, affidavits, statements, statistical diagrams, records, lists,
        tabulations, memoranda, notes, diaries, calendars, calendar, pads,
        newspaper clippings, appointment books or records, reports, worksheets,
        printed business forms, expense account reports or records, contracts,
        agreements, accounting records (including loan history), promissory
        notes, security agreements, pledge agreements, guaranties, loan
        agreements, credit reports, loan applications, financial statements, loan
        memoranda, private placement memoranda, bank statements, certificates
        of deposit, letters of credit, bids, quotations, proposals, bills, invoices,
        statements and other books, records, papers, copies, and drafts and
        proposed forms of any of such items or matters, or tapes, disks, sound
        records, computer printouts, data processing input and output, microfilm,
        microfiche, all other records kept by electronic, photographic, or
        mechanical means, and items similar to all of the foregoing which were
        prepared by you or for you, or which are in or subject to your possession,
        custody, or control. The term "document" shall also include all "writings
        and recordings" as defined by Rule 1001 of the Texas Rules of Civil
        Evidence.  If any tape, disk, card, wire, or other electronic or mechanical
        recording or transcript or any computer program is produced, you shall
        also produce such documents as are necessary for decoding, playing
        back, printing out, and/or interpretation thereof, and any other documents

which are necessary to convert such information into a useful and usable format.  If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

6. "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

7. "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document.  Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document.  In lieu of providing such information and detail, you may attach such document to your answer to these Interrogatories and indicate for which Interrogatory each document is applicable.

8. **"Plaintiff"** means the Plaintiff captioned and identified in Plaintiff's Original Petition filed in this matter.

9. "Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

10. "Ordinary Care" means that degree of care, which would be used by a person of ordinary prudence under the same or similar circumstance.

11. "Proximate Cause" means a cause that was substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

12. The "collision," "collision in question," or "incident in question" refers to the vehicle collision on Saturday, October 31, 2015, at or near the intersection of the 300 block N. Kimball Avenue and the 2200 block of E. Nothwest Parkway within the city limits of Southlake, Tarrant County, Texas.

## INTERROGATORIES

**INTERROGATORY NO. 1:**        If it is your contention that you are not liable to Plaintiff, please explain in your own words each and every fact that supports your contention.  Also provide the names, addresses, and phone numbers of each and every person who can corroborate your position. Plaintiff also requests that you identify all documents that support your contention.

**ANSWER:**

**INTERROGATORY NO. 2:**        If it is your position that you are not the proper party to this cause, or if it is your position that some other corporation, entity, or person may be jointly responsible for the damages suffered by Plaintiff, whether in whole or in part, please describe in detail each and every basis for this position and identify all witnesses who you believe will corroborate this theory.

**ANSWER:**

**INTERROGATORY NO. 3:**        If you, or any agent or entity working on your behalf, has contacted any of Plaintiff's subrogors, lien holders, medical providers, or any billing administrator or bill collection service working on behalf of any of Plaintiff's medical providers for any reason, state:

(a)     The name of each subrogor, lien holder, medical provider, billing administrator and/or bill collection service contacted;
(b)     The date(s) that each such contact was made;
(c)     The form of each such contact (i.e. written or telephonically);
(d)     The name, address, phone number and employer name of the person who made each such contact;
(e)     The reason for each such contact;
(f)     Whether any such contact was recorded, and if so, the form of the recording;
(g)     Whether any such contact was subsequently confirmed in writing;
(h)     Whether any notes exist of any such contact;
(i)     Whether there is any written authorization by Plaintiff to make such contact;
(j)     Whether any payment was made to any subrogor, lien holder, medical provider, billing administrator or bill collection service; and
(k)     Whether Plaintiff or Eberstein & Witherite LLP was listed as joint payee on any payment made to any subrogor, lien holder, medical provider, billing administrator or bill collection service.

**ANSWER:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT THE J.M. SMUCKER COMPANY** – Page 6

**INTERROGATORY NO. 4:**      If it is your position that a third party over whom you do not control is liable for some or all of the damages sustained by the Plaintiff, please identify the name of the party, their address, phone number, and please explain in detail each act or omission the third party committed which caused damage to the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 5:**      If it is your position that you are not responsible for the damages sustained by the Plaintiff, please explain in detail all factual bases for your refusal to accept responsibility in this matter.  In so denying the Plaintiff's claim, please identify each and every document, fact witness, expert witness, and other discoverable item that you claim will bolster your position that you are not responsible for Plaintiff's damages.  Please be explicit.

**ANSWER:**

**INTERROGATORY NO. 6:**      If it is your position that you were not negligent, please provide each and every fact that supports your answer, identify all witnesses who you believe will corroborate your position, and identify all documents that support your position.

**ANSWER:**

**INTERROGATORY NO. 7:**      If you have had conversations with the Plaintiff regarding the subject matter of this lawsuit, whether oral or written, please provide the following information:

      (a)      the approximate date of the conversation(s);
      (b)      the subject matter of the conversation(s);
      (c)      the person(s) present during the conversation(s); and
      (d)      a brief overview of what was said, by whom, and where.

**ANSWER:**

**INTERROGATORY NO. 8:**      Have you ever been convicted of a felony or a crime of moral turpitude?  If so, please provide the following information:

      (a)      the crime upon which you were convicted;
      (b)      the court, county, and cause number concerning the underlying conviction;
      (c)      whether you testified at trial; and
      (d)      the date of the felony conviction.

**ANSWER:**

**INTERROGATORY NO. 9:**        If it is your position that Plaintiff has not been damaged, please state all facts which support your position, identify all documents that support your position, and list all fact and expert witnesses who you believe will corroborate your position and a brief description of their anticipated testimony.

**ANSWER:**

**INTERROGATORY NO. 10:**        Do you contend that the Plaintiff was in any way negligent or responsible for the incident in question?  If so, state in detail the factual basis for such contention.

**ANSWER:**

**INTERROGATORY NO. 11:**        Please state your full name, any other names you have gone by during your lifetime, your date of birth, Social Security number, present residence address and present employment.

**ANSWER:**

**INTERROGATORY NO. 12:**        Identify by name, date of birth, address and phone number of the owner of the vehicle that Michael Pierson was operating at the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 13:**        State in detail what intoxicating beverages, if any, and what drugs or medications, if any, that you were aware Michael Pierson had consumed or taken during the 24-hour period immediately preceding the collision.

**ANSWER:**

**INTERROGATORY NO. 14:**        Describe in detail what damage, if any, was done to your vehicle in the collision, and give the cost of repair to your vehicle.

**ANSWER:**

**INTERROGATORY NO. 15:**        Describe any conversations with any witness to the accident in question with whom you have spoken.

**ANSWER:**

**INTERROGATORY NO. 16:**       Describe any information you have indicating any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

**ANSWER:**

**INTERROGATORY NO. 17:**       Please identify your "consulting experts."  For purposes of this Interrogatory, a "consulting expert" is one whose work product forms the basis, either in whole or in part, of the opinions of an expert who may be called to testify.  For each consulting expert, please state his or her mental impressions and opinions and the factual basis for such mental impressions and opinions.

**ANSWER:**

**INTERROGATORY NO. 18:**       When you allowed the Defendant Michael Pierson to drive your vehicle just prior to the incident in question, what steps, if any, did you take to verify that Michael Pierson was a safe driver?

**ANSWER:**

**INTERROGATORY NO. 19:**       Identify by name, address, phone, and date of birth or driver's license number if applicable, all persons and entities, including but not limited to all potential Responsible Third Parties that may be liable to the Plaintiff for satisfying a judgment as the result of the incident which makes the basis of this cause.

**ANSWER:**

**INTERROGATORY NO. 20:**       State the name, date of birth, Social Security number, driver's license number, phone number, and present or last known residence and business address of the driver of your vehicle that collided with Plaintiff's vehicle in the collision made the basis of this suit

**ANSWER:**

**INTERROGATORY NO. 21:**       Describe in detail what injuries, if any, you received in the collision.

**ANSWER:**

## REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Request for Admissions to Defendant The J.M. Smucker Company. Defendant is requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE. The admissions requested are to be responded to fifty (50) days after service of this request. The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court.  <u>If you fail to admit a matter upon which Plaintiff later has to prove at her expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served</u>.

**<u>ADMISSION NO. 1:</u>**  Admit you have been properly named in Plaintiff's petition.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 2:</u>**  Admit you gave a recorded statement to your liability insurance carrier.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 3:</u>**  Admit you are a proper party.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 4:</u>**  Admit the Court has subject matter and personal jurisdiction over you.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 5:</u>**  Admit venue is proper in Tarrant County, Texas.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 6:</u>**  Admit you were properly served with process.

**ANSWER:**

**ADMISSION NO. 7:**          Admit you breached a duty to Plaintiff.

**ANSWER:**

**ADMISSION NO. 8:**          Admit all allegations in Plaintiff's petition are factually correct.

**ANSWER:**

**ADMISSION NO. 9:**          Admit Plaintiff was not contributorily negligent in the incident in question.

**ANSWER:**

**ADMISSION NO. 10:**                Admit you were the owner of the vehicle that collided with Plaintiff's vehicle on Saturday, October 31, 2015.

**ANSWER:**

**ADMISSION NO. 11:**          Admit that Plaintiff did nothing to cause or contribute to the collision in question.

**ANSWER:**

**ADMISSION NO. 12:**          Admit Michael Pierson had your permission to be driving the vehicle in question on October 31, 2015.

**ANSWER:**

**ADMISSION NO. 13:**          Admit Michael Pierson had driven the vehicle before October 31, 2015.

**ANSWER:**

**ADMISSION NO. 14:**          Admit Michael Pierson has driven the vehicle since October 31, 2015.

**ANSWER:**

## REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Requests for Production of Documents on Defendant The J.M. Smucker Company.  Defendant is requested to respond fully, in writing, and in accordance with TRCP 196.  The documents requested are to be produced to Plaintiff's counsel within fifty (50) days after service of this request.  You are further advised that you are under a duty to reasonably supplement your answer.

**NOTE:  For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request**.

<u>**REQUEST NO. 1:**</u>   <u>Correspondence</u>:  Please produce all correspondence between Plaintiff and you and/or your agents.

<u>**RESPONSE:**</u>

<u>**REQUEST NO. 2:**</u>   <u>Photographs, slides, videotapes</u>: All photographs, slides, videotapes and/or motion pictures which are in any way relevant to Plaintiff's causes of action and Defendant's defenses.

<u>**RESPONSE:**</u>

<u>**REQUEST NO. 3:**</u>   <u>Correspondence/Emails/Letters Between Plaintiff and Defendant</u>: Correspondence between you and/or your employees, agents, or servants regarding anything related to the incident in question, no matter how remote.  Also produce all correspondence between Defendant and Plaintiff. This request includes emails and handwritten notes.

<u>**RESPONSE:**</u>

<u>**REQUEST NO. 4:**</u>   <u>Statements of Plaintiff</u>: Written, taped or transcribed statements from the Plaintiff or any agent, servant, employee, or representative of any Plaintiff named herein, which concerns the subject matter of this lawsuit, or the incident in question.

<u>**RESPONSE:**</u>

<u>**REQUEST NO. 5:**</u>   <u>Correspondence and/or Recorded Statements between you and Plaintiff or Plaintiff's agents</u>.  Please produce all correspondence between you and Plaintiff as well as any recorded statements you have of Plaintiff.

**RESPONSE:**

**REQUEST NO. 6:**   Documents supporting contention you are not liable.  Including but not limited to all documents that support your contention that you are not responsible for the Plaintiff's damages.

**RESPONSE:**

**REQUEST NO. 7:**   Documents identified in Interrogatories.  Please produce all documents or other tangible things identified by you in the above interrogatories.

**RESPONSE:**

**REQUEST NO. 8:**   Evidence at trial.  All documents that you anticipate offering into evidence at the trial of this case.

**RESPONSE:**

**REQUEST NO. 9:**   Umbrella Insurance Policies.  Please produce copies of all umbrella policies of insurance coverage that cover you in this lawsuit.

**RESPONSE:**

**REQUEST NO. 10:**  Documents relied upon to answer Interrogatories. Documents, photographs, videos, and tangible things you relied upon, if even in part, in answering the above interrogatories.

**RESPONSE:**

**REQUEST NO. 11:**  Footage of Plaintiff.  Please produce all raw footage, surveillance footage, videos, pictures, or drawings you have documenting the Plaintiff.

**RESPONSE:**

 **REQUEST NO. 12:**Investigative materials.  A true and correct copy of any and all investigation materials regarding the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 13:**  True and correct copies of any drawings, graphs, charts, photographs, electronic or videotaped recordings of Plaintiff, the scene of the incident made the basis of this suit, and any injuries or damages allegedly suffered or not by Plaintiff.

**RESPONSE:**

**REQUEST NO. 14:** Driver's License - A copy of the Defendant's driver's license.

**RESPONSE:**

**REQUEST NO. 15:** Vehicle Title - A copy of the title to the vehicle Defendant was driving at the time of the collision in question.

**RESPONSE:**

**REQUEST NO. 16:** Damage Appraisals - A copy of any damage appraisal made of the vehicle driven by Defendant.

**RESPONSE:**

**REQUEST NO. 17:** Damage Appraisals - A copy of any damage appraisal made of Plaintiff's vehicle.

**RESPONSE:**

**REQUEST NO. 18:** Driving Record - A copy of your driving record for the last five years.

**RESPONSE:**

**REQUEST NO. 19:** Cell Phone Records - All cellular telephone invoices, bills or other billing materials, indicating calls made on the date of the incident in question, for any mobile device Defendant used on the date in question.
**RESPONSE:**

**REQUEST NO. 20:** DWQ - Copies of any and all depositions on written questions (with accompanying records) obtained in this litigation.

**RESPONSE:**

**REQUEST NO. 21:** Accident Reports - All accident reports prepared by you and/or any governmental agency regarding the incident in question.

**RESPONSE:**

**REQUEST NO. 22:** Other Lawsuits - Any and all documentation reflecting other lawsuits in which you have been involved in the past 10 years.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT THE J.M. SMUCKER COMPANY – Page 14**

**RESPONSE:**

**REQUEST NO. 23:** Please produce your consulting expert's entire file, including but not limited to, all correspondence, bills, memoranda, graphs, charts, work notes, written notes, calculations, estimations and any and all documents and/or other materials supplied to and/or received from any consulting expert. For purposes of this Request, a "consulting expert" is one whose work product forms the basis, either in whole or in part, of the opinions of an expert who may be called to testify in any trial of this cause.

**RESPONSE:**

**REQUEST NO. 24:** Any and all written documents describing any claims or lawsuits of Defendant other than the suit which is the basis of this claim or any other party to this suit.

**RESPONSE:**

**REQUEST NO. 25:** All documents, records, reports, notations, or memoranda regarding any Defendant from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau or Southwest Insurance Information Exchange and all similar persons or entities.

**RESPONSE:**

**REQUEST NO. 26:** Please produce copies of any publication, study, guideline, document, manual, treatise, report, survey, textbook, pamphlet, or other literature which your expert, or any other individual which has been designated as a person with knowledge in response to Plaintiff's Request for Disclosure, has cited to and/or relied upon in providing and creating any opinions, reports, and conclusion in the present case.  If said information is a section or portion of a more voluminous document, please provide copies of the relevant publication, study, guideline, document, manual, treatise, report, survey, or other literature.

**RESPONSE:**

**REQUEST NO. 27:** Any and all data downloaded or otherwise retrieved from an event data recorder from each of the vehicles involved in the collision, including, without limitation, data retrieved from Airbag Control Modules, Sensing Diagnostic Modules, Rollover Sensors, Restraint Control Modules, Occupant Restraint Controllers - and all data retrieved through any crash data retrieval system.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT THE J.M. SMUCKER COMPANY – Page 15**

**REQUEST NO. 28:** Produce any profiles, photographs, postings or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries) from any social networking or social media site (e.g. Facebook, Twitter, Myspace) from one year before the date of the Incident through the present, that reveal, refer or relate to the Defendants in any manner which you intend to use as evidence to impeach any of the witnesses identified in any parties answers to Interrogatories or responses to Request for Disclosure or which you intend to use as evidence to impeach Defendants or any of the representatives, agents or employees of Defendants.

**RESPONSE:**

### REQUEST FOR PRIVILEGE LOG TO BE ANSWERED
### WITHIN 50 DAYS OF SERVICE

Privilege Log:  If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered.  Specifically do the following:

(a)     Detail the privilege asserted;
(b)     Provide the title of the document(s) upon which the privilege is asserted;
(c)     Provide the general substance of the document(s) upon which you claim there is a privilege;
(d)     Identify the location and custodian of the document(s)
(e)     Give a brief description why, in your view, the privilege shields the document from discovery; and
(f)     Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.